**Fred S. Phoenix, Appellant, v. Anna Chapman, Appellee.**

AMENDMENTS AND JEOFAILS—*when action in permitting verification of plea proper.* It is not an abuse of discretion for the court, even after the evidence upon both sides has been closed, to permit a defendant to verify a plea denying signatures to the instruments in suit.

Judgment by confession. Appeal from the County Court of McLean county; the Hon. ROLLAND A. RUSSELL, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed November 21, 1908.

RAYBURN & BUCK, for appellant.

ROWELL & LINDLEY, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

On May 24, 1904, Fred S. Phoenix took judgment by confession against John W. Chapman and Anna Chapman, the appellee, in the sum of $570.81 in the

County Court of McLean County. On the twenty-sixth day of the same month Anna Chapman filed a motion to set aside the judgment as to her, and filed therewith her affidavit stating that she did not sign the note upon which judgment had been rendered, nor authorize anyone to sign it for her. On the filing of the motion and affidavit further action was stayed and on July 26, 1904, appellee filed two pleas, one a plea of general issue, and the other that she did not jointly or severally undertake and promise, etc. The court refused to allow a motion to strike the pleas from the files and entered a formal order setting the judgment aside and allowing the pleas to stand, after which nothing further was done in the case until April 8, 1907, when by agreement a jury was waived. On August 21, 1907, the cause was submitted to the court for trial without a jury and the evidence heard by the court. On the next day, August 22, 1907, and before any final judgment was entered, appellee entered a motion for leave to file her affidavit denying her signature to the note, as of July 26, 1904, the day on which she filed her two pleas. On the 23rd of August, 1907, appellee's motion to file her affidavit *nunc pro tunc* was allowed, after which, upon the issues so closed and upon the evidence already heard, the court rendered judgment in favor of appellee, from which Phoenix has appealed.

Appellant assigns only one error that we deem worthy of consideration and that relates to the action of the court in allowing appellee to verify her plea denying signatures to the note sued on after the evidence had been closed upon both sides.

Appellant argues that at the time he first offered the note in evidence there was no plea verified denying signatures and that appellee and her witnesses therefore could not be thereafter heard to deny the execution of the note by appellee and that the court had no such discretionary power as would warrant the granting of the motion to file the affidavit *nunc pro tunc*.

It seems to us, that this action upon the part of the trial court was clearly within its judicial discretion and that such action could not, in any way, have prejudiced appellant. There was an affidavit filed when the motion was first made to open the judgment and for leave to plead on the twenty-sixth day of May, 1904, in which appellee stated that she did not sign the note or authorize anyone else to sign it for her, which affidavit had been on file in the case for over three years prior to the trial. With this affidavit on file for such length of time before the trial, it was not possible for appellant to have been surprised upon the trial as to the character of the defense that would be made.

It furthermore appears that the order was made by the trial court permitting the affidavit to be filed while the trial was still pending and before any final judgment had been rendered. Under paragraph 24 of chapter 110 of the Revised Statutes of Illinois, the court had no power at any time before final judgment, in the exercise of a sound legal discretion, to allow changes or amendments in the character of the pleadings or proceedings in form or substance in furtherance of justice.

There was no abuse of that discretion in this case and the judgment is affirmed.

*Affirmed.*